## SUPREME COURT.

### HENDERSON agt. EASTON.

A married woman can not appear and defend in person an action brought against her alone. It must be done by a next friend or guardian.

*Wyoming Special Term, June* 1853. Motion by the plaintiff to take the defendant's answer from the files of the court, on the ground that the defendant has not appeared by her next friend or guardian, and for such other or further relief as the plaintiff is entitled to, for reasons appearing on the papers in the action. The motion is founded on the affidavit of the plaintiff's attorney, served with the notice, and upon the complaint and answer in the action. The affidavit states that the action was commenced by the service of the summons and a copy of the complaint on the defendant, on the 26th of May last. That on the 2d of June the defendant caused to be served on the plaintiff an answer, and a notice of trial for the Livingston circuit, to be held in October next. The complaint and answer are attached to and identified by the affidavit. By the complaint the plaintiff complains against Ann Eliza Easton, the defendant, and states that on the 22d day of November, 1850, he paid, laid out and expended for the use and benefit of the defendant, and at her request, the sum of $271·23; and that the defendant then and there promised the plaintiff that she would pay to him that sum; and that no part of the said sum of money has been paid by the defendant, or by any other person; and that there remains due to the plaintiff from the defendant, on and by virtue of the payment of the said sum of money, the sum of $271·23, and interest from November 22d, 1850. Wherefore the plaintiff demands judgment against the defendant for the sum of $271·23, and interest thereon from November 22d, 1850, besides the costs of this action. The answer is as follows:

" Gideon Henderson vs. Ann Eliza Easton. The said defendant, *in her own proper person*, for answer to the plaintiff's complaint, says that she, the said defendant, was, at the time of the

commencement of this suit, and still is, married to Frederick Easton, who is still living, to wit, at Geneseo in the county of Livingston. Wherefore she claims judgment of the complaint, that the same may be dismissed." Signed Ann Eliza Easton, in person, and verified in the usual form.

R. P. WISNER, *for the Plaintiff*.

COLLINS & WILSON, *for the Defendant*.

MULLETT, Justice.—The only question involved in this motion is, whether the defendant, being a married woman, has a right to appear and defend this action in person? Whatever may have been the former practice on this subject, either in courts of law or equity, it is now governed by the Code of Procedure. Title third of the Code treats of the parties to civil actions. By section 91 of the Code of 1848, every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 93; and section 93 relates to certain trustees who are authorized to sue in their fiduciary characters; and by section 94, " when a married woman is a party, her husband must be joined with her, except that,

1. " When the action concerns her separate property, she may sue alone.

2. " When the action is between herself and her husband, she may sue or be sued alone."

By the Revised Statutes a bill for a divorce may be exhibited by a wife in her own name (2 R. S. 144, § 39, 3d ed. 204, § 38). This provision of the R. S. did not include bills for a separation, or limited divorce; and under the Code a diversity of opinion appears to have been entertained among the judges on the subject of a married woman's right to prosecute other actions than those for an absolute divorce, in her own name. This difference of opinion was founded on the different constructions given to the words " *sue alone*," and " *sue and be sued alone*." Some of the judges held that those words authorized a married woman actually to prosecute and defend in person; while others held that " *alone* " meant only without her husband; and that in the cases referred to she must prosecute and defend by her next friend. In the New York special term of the Supreme Court, October

Henderson agt. Easton.

1849, EDMONDS, Justice, in the Case of Coit agt. Coit, decided that a wife could not sue her husband, without a next friend, except in the single case of a suit for an absolute divorce (4 *How. Pr. R.* 232, *S. C.; 2 Code R.* 94). This decision was affirmed on appeal at the general term of the Supreme Court, in the first district, in May 1850 (3 *Code R.* 23; 6 *How. Pr. R.* 53), was followed by ROOSEVELT, J., at the New York special term of the Supreme Court in January 1851, in the case of Wells agt. Underhill (6 *How. Pr. R.* 396), and was adhered to by EDMONDS, J., in the case of Forrest agt. Forrest, April 19, 1851 (3 *Code R.* 254). On the contrary, Judge CAMPBELL, at a special term of the Superior Court of the city of New York, in April 1850, held that a married woman might sue for a limited divorce alone, and without a next friend (3 *Code R.* 18; 2 *Sand. S. C. Rep.* 715). MUNSON, J., at the Otsego special term of the Supreme Court in April 1850, held the same doctrine (4 *How. Pr. R.* 446). And MARVIN, J., at a special term of the Supreme Court in Erie county, in October 1850, decided, and he says on a consultation with all the judges of the district, that no next friend was necessary, to enable a married woman to sue her husband for a separation on the ground of cruel and inhuman conduct (3 *Code R.* 183). By the Code of 1851, the 94th section of the Code of 1848 (114th section of the Code of 1849) is amended so as to read as follows:

§ 114 (94). " When a married woman is a party, her husband must be joined with her, except that,

1. When the action concerns her separate property, she may sue alone.

2. When an action is between herself and her husband, she may sue or be sued alone. *But when her husband can not be joined with her, as herein provided, she shall prosecute or defend by her next friend.*"

The amendment of 1851 consists merely in adding the last clause, and it was evidently designed to settle the conflicting opinions that had before existed, and the law on the subject of a married woman's right to prosecute or defend suits in her own name. The plain and simple reading of the section, as amended in 1851, is that in all cases where a married woman is a party

to an action, her husband must be joined with her, unless the action concerns her separate property, or is between herself and her husband; and that in such cases she shall prosecute or defend by her next friend. According to this amendment it would appear to be necessary that a married woman should have a next friend, in an action against her husband for an absolute divorce. This was so held by HAND, J., at a special term of the Supreme Court in November 1851, in the case of Heller agt. Heller (6 *How. Pr. R.* 194), and by all the judges of the Superior Court of the city of New York, in the case of Meldora agt. Meldora, decided March 27th, 1852 (4 *Sand. S. C. Rep.* 721). This construction of the 114th section of the Code, was not disapproved by the commissioners or the legislature, in their amendments of the Code, April 16, 1852, and may now be considered the settled law on the subject. This motion does not necessarily include an inquiry into the practice in those cases where a husband or a wife may, for special reasons, on an application to the court, obtain leave to answer separately, and it is, therefore, not examined. In the case under consideration, the plaintiff's complaint is against Ann Eliza Easton, defendant, on a simple promise by her, to pay money, as though she were a single woman. The answer is in her own name, and states that she was at the time of the commencement of this action, and still is, a married woman, and that her husband resides in the county of Livingston, where the venue is laid. Wherefore she claims judgment of the complaint, that it may be dismissed. The answer is a *felo de se* by her own showing; her husband ought to have been joined with her, or she ought to have answered by her next friend; she could not defend in her own name. The answer, as it is, is a nullity and might have been disregarded; and may, for the same reasons, be taken from the files of the court. The motion to take the answer from the files of the court is, therefore, granted. The defendant does not ask to have the irregularity corrected by the appointment of a next friend.